UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KYLE T. HELGELAND,

      Petitioner,

  v.           Case No. 25-CV-404

JOSHUA KAUL,

      Respondent.

# ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

  Kyle T. Helgeland filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging two convictions from Walworth County Circuit Court. (ECF No. 1 at 4 (citing Walworth Cnty Cir. Ct Nos. 2014CF000065 and 2017CF000289).)

  Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

  Based on the address he provided with his petition, Helgeland is not incarcerated. However, given the length of sentence he received (ECF No 1 at 2), it appears that he remains on extended supervision and therefore remains in custody for purposes of § 2254. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (holding that a person released on parole was still in custody for purposes of § 2254). Helgeland

has pursued relief in the Wisconsin Court of Appeals and Wisconsin Supreme Court at least once (ECF No. 1-1 at 19-22), and therefore has plausibly exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A).

Helgeland left blank the section of his petition addressing prior federal challenges. (ECF No. 1 at 9-11.) A review of this district's records reveals that in 2022 Helgeland filed a petition for a writ of habeas corpus challenging his conviction in case number 2017CF000289. *Helgeland v. Kaul*, 22-CV-1169 (E.D. Wis.). The Honorable Brett H. Ludwig dismissed Helgeland's petition on October 20, 2022, because Helgeland failed to allege a plausible claim for relief. *Helgeland v. Kaul*, No. 22-cv-1169-bhl, 2022 U.S. Dist. LEXIS 191430 (E.D. Wis. Oct. 20, 2022).

Ordinarily, once a person files a federal habeas petition challenging a state court conviction, he cannot file another habeas petition unless he first gets permission from the court of appeals to do so. *See* 28 U.S.C. § 2244(b)(3); Rule 9 of the Rules Governing Section 2254 Cases. This rule applies even if the petitioner is attempting to raise an argument or claim he did not present in his first petition. *Young v. Wisconsin*, No. 23-CV-788, 2023 U.S. Dist. LEXIS 106000, at *2 (E.D. Wis. June 20, 2023) (citing 28 U.S.C. § 2244(b)(2)).

Although not every previous attempt to pursue habeas relief will render a renewed effort a second or successive petition, *see Jones v. Kemper*, No. 20-cv-514-pp, 2021 U.S. Dist. LEXIS 79290, at *8 (E.D. Wis. Apr. 26, 2021), Helgeland's prior petition was dismissed on its merits (or more accurately, due to its lack of merit).

2

Case 1:25-cv-00404-BBC   Filed 03/24/25   Page 2 of 4   Document 4

That decision places the present petition squarely within the scope of 28 U.S.C. 2244(b)

If a petitioner files a second or successive petition without first obtaining permission to do so from the court of appeals, the district court has no discretion; the district court "shall dismiss" the petition. 28 U.S.C. § 2254(b)(4); *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("The district court had no option other than to deny the petition. No matter how powerful a petitioner's showing, only this court may authorize the commencement of a second or successive petition.") There is no indication that Helgeland has obtained permission from the court of appeals to file a second petition. Accordingly, the court must dismiss this action.

If Helgeland wishes to proceed with his petition, he must first turn to the Court of Appeals for the Seventh Circuit, making clear that he is seeking permission to proceed with a second habeas petition in this district. *See* Cir. R. 22.2 (7th Cir).

**IT IS THEREFORE ORDERED** that Helgeland's petition for a writ of habeas corpus is **dismissed** under 28 U.S.C. § 2244(b)(4). The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Helgeland, having failed to make a substantial showing that the court's procedural ruling is fairly debatable, is denied a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); Rule 11 of the Rules Governing

Section 2254 Cases; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Green Bay, Wisconsin this 24th day of March, 2025.

<u>*s/ Byron B. Conway*</u>
BYRON B. CONWAY
United States District Judge